IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY JOSEPH STEIGER, #229 229, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-893-MHT |
| | ) | [WO] |
| ST. ATTY. GEN. LUTHER STRANGE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Bradley Steiger ("Steiger"), an Alabama inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action seeking jail credit under Ala. Code § 15-18-5, proper calculation of his release date from state custody, an order for his immediate release from all state custody or confinement, compensatory damages of $100,000 from each defendant jointly and severally, $2 million dollars in punitive damages, any additional relief deemed appropriate by the court, and trial by jury. Steiger names as Defendants former Attorney General for the State of Alabama Luther Strange, Chief Judge of the Alabama Court of Criminal Appeals Mary Becker Windom, Records Director for the Alabama Department of Corrections ("ADOC") Mark Bruton, Lowndes County Circuit Court Clerk Ruby Jones-Thomas, Montgomery County Circuit Court Judge Eugene Reese, General Counsel for the ADOC Anne Hill, Assistant Attorney General Bart Harmon, Clerk of the Alabama Court of Criminal Appeals Scott Mitchell, and Alabama Supreme Court Justices Stuart, Bolin, Parker, Murdock, Shaw, Main, Wise, and Bryan.[1] Upon review, the

---

[1] In accordance with the prior orders and proceedings in this matter, the captioned action is proceeding on the amended complaint filed by Plaintiff on March 30, 2017, and amendments thereto.

court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II. DISCUSSION

### A. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)

Because Steiger is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e) (2), a court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."[3] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *accord Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke*, 490 U.S. at 325. A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th

---

[2] Plaintiff sought leave to proceed *in forma pauperis*. Doc. 2. The court granted Plaintiff *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee. Doc. 7. Plaintiff filed the requisite initial partial filing fee. Doc. 22. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

**B. The Judicial Defendants—Judge Mary Becker Windom, Judge Eugene Reese, and Alabama Supreme Court Justices Stuart, Bolin, Parker, Murdock, Shaw, Main, Wise, and Bryan.**

    **1. Request for Monetary Damages**

In his amended complaint and amendments thereto, Steiger rails against the actions of Judge Windom, Judge Reese, and the Alabama Supreme Court ["ASC"] Justices ["judicial defendants"] claiming they: (1) made legally erroneous rulings on his litigation in their courts; (2) disregarded, ignored, or misinterpreted motions and other pleadings he submitted in his state court cases; and (3) issued incorrect, errant, or misguided decisions regarding his legal challenges. Steiger's allegations against the judicial defendants emanate from actions taken by them in their judicial capacity during state court proceedings over which they had jurisdiction. A state judge is absolutely immune from civil liability for acts taken pursuant to his or her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Thus, a judge is entitled

to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction." *Id.* at 356–57; *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). Where Steiger seeks damages from the judicial defendants in their official capacities, those efforts are foreclosed by the Eleventh Amendment. While the doctrine of judicial immunity applies to claims against the judicial defendants in their individual capacities, they are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ((holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

A review of the amended complaint and amendments thereto reflect that Steiger's contact with the judicial defendants was in their judicial capacity. Steiger's state court actions were before the judicial defendants when they entered the orders and adverse rulings which he challenges as violative of his rights. The first portion of the *Stump* immunity test, which requires that the judge be acting in his or her judicial capacity, is satisfied. *Simmons*, 86 F.3d at 1085.

The second component under the *Stump* test looks at whether a judge acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357; *Jenkins v. Clerk of Court*, 150 Fed.Appx. 988, 990 (11th Cir. 2005). Steiger asserts numerous challenges to the manner in which the judicial defendants handled the cases pending before them while they were engaged in normal judicial functions. For judicial immunity purposes, an act is done in "clear absence of all jurisdiction" if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (en banc). Judges cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles v. Waco*, 502 U.S. 9 (1991). Even if a judicial

defendant "conspired with [another] party to violate [Steiger's] constitutional rights," he or she would be immune. *Dykes*, 776 F.2d at 946 (internal quotes omitted); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The fact that it is alleged that the judge[s] acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity."). "A judge's actions are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Mireles,* 502 U.S. at 12. Judicial immunity is not intended to protect or benefit a malicious or corrupt judge; rather, it is intended to protect the important public interest in maintaining an environment in which judges can do their jobs without fearing harassment by unsatisfied litigants. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Distilled to their essence and stripped of their caustic bent, Steiger's allegations against the judicial defendants emanate from his dissatisfaction with the conduct or actions these defendants took in their capacity as state court judges in matters over which they had subject matter jurisdiction. Steiger's challenges to the judicial defendants' alleged acts or omissions, even if incorrect under applicable state law, nevertheless amount to "judicial actions" for which they are absolutely immune in this proceeding. *See Stump*, 435 U.S. at 363-64 (holding that judicial immunity extends to judicial acts that may contain error). The law protects the judicial defendants from having to defend this lawsuit. In light of the foregoing, Steiger's claim for monetary damages against the Judge Windom, Judge Reese, and the ASC Justices are due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke*, 490 U.S. at 327.

## 2. Request for Declaratory/Injunctive Relief from State Court Action

### a. Non-Final Orders

To the extent Steiger seeks relief from adverse decisions issued by a state court not yet final, he is not entitled to relief on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Steiger could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Steiger to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

### b. Final Orders

Regarding claims presented by Steiger challenging the constitutionality of orders issued by any state court which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Steiger from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts

"do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

"[O]nce a case is litigated in state court, a federal district court does not have jurisdiction to review it."[4] *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003). While Steiger couches his claims in terms of a constitutional violation, the essence of his lawsuit concerns adverse rulings he received in state court civil actions. These claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," because his federal claims succeed "only to the extent that the state court[s] wrongly decided the issues before [them]." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*.

It is clear form Steiger's pleadings and documents he had the opportunity to present his constitutional claims in his state court proceedings. His attempt to have this court review a final state judgment that went against him represents the type of "state-court loser" that the *Rooker-*

---

[4] In *Schmitt*, the court held:

> We have interpreted *Rooker-Feldman* to ask whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional.

324 F.3d at 486.

*Feldman* doctrine covers. In light of the foregoing, the court concludes that summary dismissal of any requests seeking declaratory or injunctive relief against the judicial defendants regarding matters associated with Steiger's state criminal or civil proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke*, 490 U.S. at 327.

**C. Defendants Ruby Jones-Thomas, Mark Bruton, Luther Strange, Anne Hill, and Bart Harmon**

Steiger sues Defendants Jones-Thomas, Bruton, Strange, Hill, and Harmon challenging their conduct as it relates to matters associated with his state court habeas corpus proceedings claiming they engaged in an abuse of the habeas corpus process including submission of allegedly erroneous, insufficient, or improper material and affidavits. The actions of these defendants during his state habeas case, Steiger claims, violated his constitutional rights because the conduct complained of denied him the right to summary vindication of his habeas claims; amounted to a failure to perform ministerial duties regarding his jail credit claim; were carried out with malice aforethought solely in an effort to deny him earned jail credit; and caused prejudicial delay and foreseeable injury from false imprisonment.

Although Steiger pursues this matter under 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus arguing his continued detention is unlawful because of the alleged unconstitutional conduct for which he seeks his immediate release. In *Preiser v. Rodriquez*, 411 U.S. 475, 490 (1973), the Supreme Court held that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, when a prisoner, though asserting jurisdiction under § 1983, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination he is entitled to immediate

release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. Regardless of the label Steiger assigns to his cause of action, in order to challenge the validity of his incarceration on the grounds that his constitutional rights have been violated by the actions of the above-named defendants because their actions affected the outcome of his state habeas petition in which he sought an award of jail credit, he must pursue his claims through habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (. . .)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483–489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646–648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [sentence] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–648.

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement

9

is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the constitutionality of his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Steiger challenges the constitutionality of his confinement regarding the conduct of state officials during his state habeas proceedings which he contends affected the outcome of those proceedings in which he challenged the duration of his incarceration under a sentence imposed upon him by the Circuit Court for Lowndes County, Alabama.[5] A judgment in favor of Steiger on his claims would necessarily imply the invalidity of the length of the sentence he is serving. Section 1983, however, may not be used to challenge the duration of the sentence Steiger is serving, and he may not obtain damages based on that sentence. It is clear from the pleadings that the length of the sentence, and resulting confinement about which Steiger complains, has not been invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Steiger's use of any

---

[5] The court takes judicial notice of its own records which reflect Steiger recently filed a federal habeas corpus petition challenging State officials' alleged failure to properly calculate the length of his sentence based on his contention that he is due "jail credit" in the amount of 1,009 days. *See Steiger v. Strickland,* Civil Action No. 2:16-CV-594-MHT-WC (M.D. Ala. 2016). The petition was dismissed without prejudice to allow Steiger to exhaust available state court remedies. *Id.*

federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on the constitutionality of his confinement on a sentence imposed by a state court. *Abella v. Rubino*, 63 F.3d 1063, 1066 n. 4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."); *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (*citing Preiser*, 411 U.S. at 490) ("Allowing § 1983 to do the work of habeas would create an end-run around the procedures of § 2254."); *Wilkinson*, 544 U.S. at 81 ("Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."). Accordingly, Steiger's claims against Defendants Jones-Thomas, Bruton, Strange, Hill, and Harmon are subject to summary dismissal under 1915(e)(2)(B)(ii).

To the extent Steiger's suit against Defendants Jones-Thomas, Bruton, Strange, Hill, and Harmon attempts to assert a perjury claim against them on the ground they submitted false or erroneous information in his state habeas proceedings, he is entitled to no relief in this § 1983 action. Perjury is a criminal offense governed by 28 U.S.C. § 1623 for false declarations before a grand jury or a court, which a prosecutor brings. 28 U.S.C. § 1623(c); *see Scarbrough v. Myles*, 245 F.3d 1299, 1305 (11th Cir. 2001) ("As with any witness testifying under oath, the penalty for false testimony is potential prosecution for perjury."). This statute does not give rise to a civil cause of action. *Wagner v. Unemployment Comp. Bd. of Review*, 550 Fed.Appx. 99, 100 (3d Cir. 2014) (unpublished). Thus, a claim for perjury is due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Otero v. United States Attorney Ge*n., 832 F.2d 141, 141 (11th Cir. 1987)

("a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another").

**E. Defendant Scott Mitchell**

Steiger names Scott Mitchell, the Clerk of the Alabama Court of Criminal Appeals, as a defendant. He challenges the actions of Defendant Mitchell for performing actions on behalf of, or as an "agent" of, Judge Windom. Judicial immunity, however, extends to a court clerk performing duties integrally related to the judicial process. *See Jenkins*, 150 Fed.Appx. at 990; *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983) (court clerk who acts pursuant to authority granted by state law and who acts on behalf of a court entitled to absolutely immune from damages liability when sued under § 1983 because she is performing a judicial function). Accordingly, Steiger's suit against Defendant Mitchell is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's amended complaint and amendments thereto against Defendants Windom, Reese, Stuart, Bolin, Parker, Murdock, Shaw, Main, Wise, and Bryan be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. Plaintiff's amended complaint and amendments thereto against Defendants Jones-Thomas, Bruton, Strange, Hill, and Harmon be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's amended complaint and amendments thereto against Defendant Mitchell be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

4. To the extent Plaintiff's claims seek to challenge to the constitutionality of his confinement under the sentence imposed upon him by the Circuit Court for Lowndes County, such claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not properly before the court at this time;

5. This case be DISMISSED prior to service of process.

It is further

ORDERED that **on or before September 6, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 23rd day of August 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE